UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME CLEVELAND HILTON

        Plaintiff,

vs.

NATHANIEL WOMACK and ERIC
GILES, in their individual capacities, and
the CITY OF DETROIT, jointly and severally,

        Defendants.
_____/

CASE NO. 03-CV-73718-DT
CASE NO. 03-CV-74045-DT
HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
Federal Building, in the City of Port Huron,
State of Michigan, on the 28th day of February, 2007.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Compel Arbitration or to Reinstate Case (Docket #44). Defendants have not filed a response. The Court finds that the facts and legal arguments pertinent to Plaintiff's Motion are adequately presented in the his papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion is GRANTED.

**II. BACKGROUND**

On August 21, 2003, Plaintiff filed a Complaint against the Detroit Police Department ("DPD"), certain of its officers and the Wayne County Jail alleging that the DPD, the officers and Wayne County Jail deprived him of his constitutional rights to medical treatment while in the custody of the DPD and Wayne County Jail. In 2004, the Court granted Wayne County Jail's

motion for summary judgment. The case against the DPD (being sued as the City of Detroit) and its officers continued and Plaintiff and those Defendants agreed to arbitration of this matter in January 2006. According to Plaintiff, he has tried to set up an arbitration hearing with Defendants since then, but Defendants have not cooperated. Defendants have not filed a response or disputed this claim.

As the stipulation and order of dismissal provided for this matter to be placed in binding arbitration and the Court has not been made aware of any reason why this matter should not be placed into binding arbitration, the Court hereby ORDERS that Defendants contact Plaintiff within seven (7) days of the date of this Opinion and Order regarding the establishment of an arbitration hearing. The Court further ORDERS that the parties file a stipulation with the Court within 14 days of the date of this Opinion and Order, wherein the parties shall detail the tribunal before whom this matter will be arbitrated, as well as date, time and place of the arbitration proceeding.

Failure of Defendants to comply with the terms of this Order shall result in sanctions being imposed against Defendants. Such sanctions may consist of the reinstatement of Plaintiff's action, the entry of summary judgment in favor of Plaintiff against Defendants and the issue of damages being submitted to and decided by the appropriate fact finder.

### III. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion is GRANTED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2007

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 28, 2007.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290