UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME CLEVELAND HILTON

      Plaintiff,

vs.

NATHANIEL WOMACK and ERIC
GILES, in their individual capacities, and
the CITY OF DETROIT, jointly and severally,

      Defendants.
_____/

CASE NO. 03-CV-73718-DT
CASE NO. 03-CV-74045-DT
HON. LAWRENCE P. ZATKOFF

**ORDER**

AT A SESSION of said Court, held in the
Federal Building, in the City of Port Huron,
State of Michigan, on the ___ day of April, 2007.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Relief from Order Regarding Arbitration or, in the Alternative, Request for Modification of Order Regarding Arbitration (Docket #55). Plaintiff has filed a response. Defendants have not filed a reply. The Court finds that the facts and legal arguments pertinent to Defendants' Motion are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the brief submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendants' Motion is DENIED.

## II. BACKGROUND

On August 21, 2003, Plaintiff filed a Complaint against the Detroit Police Department ("DPD"), certain of its officers and the Wayne County Jail alleging that the DPD, the officers and Wayne County Jail deprived him of his constitutional rights to medical treatment while in the custody of the DPD and Wayne County Jail. In 2004, the Court granted Wayne County Jail's motion for summary judgment. The case against the DPD (being sued as the City of Detroit) and its officers continued, and Plaintiff and those Defendants agreed to binding arbitration of this matter in January 2006.

On February 27, 2007, after the Plaintiff filed a motion to compel arbitration, the Court issued an Opinion and Order, wherein it stated:

> As the stipulation and order of dismissal provided for this matter to be placed in binding arbitration and the Court has not been made aware of any reason why this matter should not be placed into binding arbitration, the Court hereby ORDERS that Defendants contact Plaintiff within seven (7) days of the date of this Opinion and Order regarding the establishment of an arbitration hearing. The Court further ORDERS that the parties file a stipulation with the Court within 14 days of the date of this Opinion and Order, wherein the parties shall detail the tribunal before whom this matter will be arbitrated, as well as date, time and place of the arbitration proceeding.
>
> Failure of Defendants to comply with the terms of this Order shall result in sanctions being imposed against Defendants. Such sanctions may consist of the reinstatement of Plaintiff's action, the entry of summary judgment in favor of Plaintiff against Defendants and the issue of damages being submitted to and decided by the appropriate fact finder.

In response to the Court's Order, Defendants promptly filed the instant Motion for Relief from Order.

## III. ANALYSIS

First, while the Court finds plausible Defendants' explanation for not answering Plaintiff's Motion to Compel Arbitration, the balance of Defendants' Motion is vague and disingenuous. For example, Defendants contend that the agreement to submit the case to binding arbitration was

2

subject to the approval of the Detroit City Council. The Court notes that the Stipulation and Order of Dismissal stated as much, but that Stipulation was signed on January 9, **2006**! As such, 14 months had passed before Defendants filed the instant motion. Yet, Defendants do not even state that the matter has been submitted to the City Council for approval, nor do they state whether approval has been granted or denied. Likewise, Defendants assert that the Stipulation was subject to the execution of a written arbitration agreement between the parties. Again, this is true, but 14 months have passed. Such delay is inexcusable.

More significantly, the Court concludes that the Defendants must have misunderstood the Court's Orders set forth in the February 27, 2007, Opinion and Order, as set forth in Section II above. As such, the Court reiterates them here, in bold (i.e., the Court again ORDERS as follows):

> **As the stipulation and order of dismissal provided for this matter to be placed in binding arbitration and the Court has not been made aware of any reason why this matter should not be placed into binding arbitration, the Court hereby ORDERS that Defendants contact Plaintiff within seven (7) days of the date of this Opinion and Order regarding the establishment of an arbitration hearing. The Court further ORDERS that the parties file a stipulation with the Court within 14 days of the date of this Opinion and Order, wherein the parties shall detail the tribunal before whom this matter will be arbitrated, as well as date, time and place of the arbitration proceeding.**
>
> **Failure of Defendants to comply with the terms of this Order shall result in sanctions being imposed against Defendants. Such sanctions may consist of the reinstatement of Plaintiff's action, the entry of summary judgment in favor of Plaintiff against Defendants and the issue of damages being submitted to and decided by the appropriate fact finder.**

The Court advises Defendants that failure to comply with the foregoing Orders a second time **shall** result in the imposition of sanctions. The Court further advises Defendants that the likely sanctions to be imposed are (1) the entry of summary judgment in favor of Plaintiff, and (2) the Court scheduling a trial for the jury to determine the damages to which Plaintiff is entitled.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendants' Motion for Relief from Order is DENIED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: May 7, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 7, 2007.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290